UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

                    Plaintiff,

         v.

UNITED STATES DISTRICT COURT OF
SPOKANE WA, et al.,

                    Defendants.

Case No. C26-0380-BHS-SKV

REPORT AND RECOMMENDATION

Plaintiff John Robert Demos, Jr., a state prisoner, filed a proposed civil rights complaint. Dkt. 1-1. He did not pay the filing fee or submit a proper application to proceed *in forma pauperis* (IFP). *See* Dkt. 1. He brings a "'False Claims Action and Qui tam Complaint", asserting that named Defendant United States District Court of Spokane WA, and various other courts and organizations, have "spun a spider's web" of deceit and deception, fraudulent entanglements, financial intrigue, financial and economic terrorism, and criminal profiteering, "with the United States Government being cast in the lackluster role of unwitting victim, having been financially sucker punched, hoodwinked, and ambushed by the villainous victimizer." Dkt. 1-1 at 1-8. He seeks to proceed on behalf of the United States and "the people", asserting "I, and the U.S. Government are Siamese twins, if the government catches a cold I sneeze[,]" and

REPORT AND RECOMMENDATION - 1

requests, as relief, to "receive 30% of whatever is recovered, or awarded to the U.S. Attorney General." *Id*. at 11, 47.

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993). Because of Plaintiff's history as an abusive litigant, he is permitted to submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("1992 Bar Order"); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), Plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

At the time of the filing of the proposed complaint in the current matter, Plaintiff had already exceeded his annual limit of IFP applications and proposed actions for the year. *See Demos v. The Government Accountability Office*, C26-0235-RAJ-DWC (W.D. Wash. 2026); *Demos v. The Government Accountability Office*, C26-0238-RSM (W.D. Wash. 2026); *Demos v. Suny Corporation of America*, C26-0251-JHC-GJL (W.D. Wash. 2026); *Demos v. Cook*, C26-

REPORT AND RECOMMENDATION - 2

0252-JHC-SKV (W.D. Wash. 2026).[1]  Nor did Plaintiff otherwise comply with the 1992 Bar Order by submitting the required affidavit.

Even if Plaintiff had complied with the terms of the 1992 Bar Order, his proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing", as is necessary to overcome the three-strikes bar of § 1915(g).  *Andrews*, 493 F.3d at 1055.  The proposed complaint further fails to state a claim upon which relief can be granted.  The allegations in the complaint are confusing, conclusory, and appear to be frivolous.  *See generally* Dkt. 1-1.

The Court, in sum and for the reasons stated above, recommends that Plaintiff be DENIED IFP status and his proposed complaint and this action be DISMISSED without prejudice.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be

/ / /

/ / /

---

[1] In fact, in January 2026 alone, Plaintiff filed seventeen proposed civil suits with requests to proceed IFP. *See, e.g., Demos v. Suny Corporation of America*, C26-0251-JHC-GJL, Report and Recommendation at 2 (W.D. Wash. Feb. 18, 2026) (citing nine other active IFP applications and proposed civil suits filed in January 2026).  *See also Demos v. Hilton Worldwide Inc.*, C26-0351-TMC-MLP (W.D. Wash. 2026); *Demos v. Export-Import Bank*, C26-0356-KKE-DWC (W.D. Wash. 2026); *Demos v. DXZ Technology*, C26-0359-TMC-BAT (W.D. Wash. 2026); *Demos v. Yakima County Superior Court*, C26-0375-LK-DWC (W.D. Wash. 2026); *Demos v. United States District Court of Spokane WA*, C26-0380-BHS-SKV (W.D. Wash. 2026); *Demos v. Walgreens Boots Alliance, Inc.*, C26-0382-TMC-GJL (W.D. Wash. 2026); *Demos v. Valero Energy Corp.*, C26-0395-BHS-MLP (W.D. Wash. 2026).

REPORT AND RECOMMENDATION - 3

ready for consideration by the District Judge on **February 25, 2026**.

Dated this 4th day of February, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4